IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES M. HALL,** | : CIVIL NO. 1:CV-06-1627 |
| **Plaintiff** | : (Judge Rambo)<br>: (Magistrate Judge Smyser) |
| v. | : |
| **UNITED STATES OF AMERICA,** | : |
| **Defendant** | : |

## MEMORANDUM AND ORDER

Before the court is a report and recommendation of the magistrate judge. Plaintiff claims that staff at the United States Penitentiary at Canaan ("USP Canaan") at Waymart, Pennsylvania failed to provide proper medical treatment for an infection of his gums and his periodontal disease.

To establish a *prima facie* case of medical malpractice, a plaintiff must establish the following: (1) a duty owed by the medical provider to the patient; (2) a breach of that duty; (3) that the breach of duty was the proximate cause of or a substantial factor in bringing about the harm suffered by the patient; and (4) damages suffered by the patient that were a direct result of that harm. *Mitzelfelt v. Kamrin*, 584 A.2d 888, 891 (Pa. 1990). (Report and Recommendation at 13.) The magistrate judge, in his report, recommended that Defendant's motion for summary judgment be granted as Plaintiff's complaints require the testimony of an expert to establish medical malpractice. *Toogood v. Rogal*, 824 A.2d 1140, 1145 (Pa. 2003).

Plaintiff argues that his situation fits into the narrow exception to the requirement of expert testimony, i.e. "where the matter is so simple or the lack of skill or care so obvious as to be within the range of experience and comprehension of even non-professional persons." *Toogood*, 824 A.2d at 1145 (citation omitted).

Plaintiff's claim is based on two alleged failures on the part of the staff at USP Canaan.  Plaintiff claims the examination by nurse Kimberly Bucklaw of Plaintiff's mouth on April 30, 2005 was so inadequate that ordinary non-professional persons could make that determination.  He claims the examination was made through reinforced security doors and glass and was not an adequate examination.  Assuming the examination could be found by a lay person to be less than optimal, the determination of whether this examination caused harm would still require expert opinion.

It is acknowledged that Plaintiff has a history of periodontal problems as far back as 1998.  (Report and Recommendation at 5.)  The examination by Bucklaw showed no bleeding and no edema of the gums.  No lay person could conclude that the alleged insufficient examination caused harm to Plaintiff.

Plaintiff's second claim is that staff at USP Canaan failed to provide treatment recommended by the dentists for his periodontal disease.  Plaintiff was advised that his treatment would begin upon release from the SHU and would only receive emergency treatment until then.  Whether the delay in treatment deviated from the standard of care and whether the delay caused harm to Plaintiff are not matters so simple or so obvious as to be within the range of experience and comprehension of non-professional persons.  Expert testimony is required to establish this claim.

**IT IS THEREFORE ORDERED THAT**:

1) The court adopts the report and recommendation of Magistrate Judge Smyser.

2) Defendant's motion for summary judgment is granted.

3) The Clerk of Court shall enter judgment in favor of Defendant and against Plaintiff and close the file.

      4) It is certified that any appeal from this order will be deemed frivolous and not taken in good faith.

                                              s/Sylvia H. Rambo
                                              SYLVIA H. RAMBO
                                              United States District Judge

Dated:  April 2, 2008.